## Artemas Sigler v. George W. Platt et al.

*Assumpsit: Sealed contracts.* Under § *5361, subdivision 4, Compiled Laws*, all actions of assumpsit, on sealed, as well as other contracts, are required to be brought within six years.

*Partnership debts: Separate composition: Statute of limitations.* Where suit was brought on a special sealed agreement, whereby one partner authorized the other to make a separate composition with creditors on his own behalf, and promised to pay such balance as he should not pay or secure to them, payments thereafter made by the latter, upon his composition arrangement, were held inadmissible to keep alive the liability of the defendant on his special undertaking, and take it out of the statute.

The defendant's liability on the special agreement was sole and not joint, and he could not be held responsible for any subsequent acts or admissions not authorized by himself.

*Heard October 16th. Decided November 2nd.*

Error to Lenawee Circuit.

This was an action of assumpsit brought to recover the balance of certain unpaid partnership claims, according to the terms of the following written instrument:

"I, Artemas Sigler, one of the members of the late firm of Sigler & Gillett, at Adrian, Michigan, hereby agree and consent that Augustus B. Gillett, the other member of said firm, may compound and arrange with the creditors of said firm for his own release from the debts thereof, as he shall be able; and I waive all objection to said compromise, and will not take any advantage thereof, nor consider myself released by said creditors' acceptance of a proportion thereof from said Gillett, but will hold myself liable on said demands over and above the amounts secured and paid on the same by said Gillett, as fully as though such compromise had not been effected.

It being understood that whatever said Gillett pays or secures upon said demands, shall enure to my benefit as well as his own.

Witness, my hand and seal,

SEAL.                               ARTEMAS SIGLER.

October, 19, 1858."

Gillett made several payments upon said agreement, and was released by the creditors.

On the trial, the court charged the jury that the effect of the said agreement signed by the defendant, of October 19th, 1858, was to make the payments made by Gillett the act of both parties; that said defendant thereby recognizes Gillett so far forth as his agent, and it estops him from denying that he was such, and from denying such effect of the payments made by him. That when Gillett made a

payment, the plaintiffs had a right to rest another six years, and then proceed against the defendant for the balance of the account, and such payment would save it from being barred by the statute of limitations.

Judgment was rendered for plaintiff below.

*A. L. Millard,* for plaintiff in error.

The claim was barred by the statute of limitations.

The payments made by Gillett upon the notes given by him for the amount which he agreed to pay upon the compromise with the plaintiffs, would not operate to save the remainder of the debt, which was, by agreement of all parties, assigned to Sigler, from the bar of the statute.

The intention and effect of the compromise arrangement between the several parties, was to divide the debt and sever the liability of Sigler & Gillett, each being thereafter liable for a separate portion of the debt. Gillett gave his several notes, some of them with an endorser, for the amount agreed upon for his share, and on paying them he no longer had any liability for the remainder, for which Sigler was alone liable. The payments made by Gillett, after this arrangement, were not upon joint account, but for the purpose of discharging his several obligations.

And even if he had made the payments directly on the copartnership indebtedness, being done after the dissolution of the partnership, it would not take the case out of the statute as against the other partner.—*Story on Part.* §§ 323, 324, *et sup.*

A payment or acknowledgment of a debt, in order to take a case out of the statute, must be an unequivocal and unqualified acknowledgment of the indebtedness, as then existing.—1 *Peters,* 351.

It cannot be claimed that the act of Gillett in paying his own notes was such an acknowledgment of the debt now sued for.

It would not be such an acknowledgment even as to Gillett. It was not a recognition, even by him, of the balance of the original indebtedness, not included in the notes. He was bound to pay these notes, whether the original indebtedness still subsisted or not.

And if it would not amount to such acknowledgment as to Gillett, much less would it as to Sigler.

The written agreement of Sigler did not constitute Gillett the agent of the former. It did not, and was not intended to confer any authority or power on Gillett to do any thing for him.

As a joint debtor he had authority to pay the debt, and this agreement gave him no additional power in that regard. The stipulation that what he paid or secured should enure to the benefit of both, was intended to secure a benefit to Sigler; not to authorize Gillett to charge him by any act or admission of his.

There is a manifest difference between an authority for one to discharge, and to charge another.—1 *Peters*, 351, (388) *et sup.*

And if this stipulation meant no more than that whatever sum was paid by Gillett should operate to cancel the indebtedness as against Sigler, as well as Gillett, to the extent merely of the amount actually paid (though we do not think that was what it meant), then it was of no effect whatever, as such would be the effect of such payment without any such stipulation.

Such a payment as this by Gillett (payment of part, with the express understanding that he was not to pay any more), is not an implied promise to pay the residue, but the reverse, and will not take a case out of the statute.— 4 *Mich.* 508.

*A. Pond,* for defendant in error.

CAMPBELL J.

Suit was brought by Platt against Sigler to charge him individually, under a sealed instrument, whereby he agreed

to hold himself personally liable, upon so much of certain partnership demands against himself, and one Augustus B. Gillett, as should not be secured or paid by Gillett, whom he authorized to compound with the creditors for his own release. This suit was to recover of Sigler the balance not paid by Gillett, and the declaration was a special one, founded on the agreement. Sigler pleaded the general issue, and relied also on the statute of limitations.

The principal questions arise under the statute of limitations. It is claimed by Sigler that payments made by Gillett, after the special agreement became operative, can not be regarded as payments which could operate to renew or keep alive any liability against any one but himself, and that more than six years having elapsed without any other recognition of liability, this action is barred. It is claimed on the other side that this agreement is not subject to the six years' bar, and also that such payments are evidence against Sigler.

This is an action of assumpsit upon an express agreement, and it is included within subdivision 4 of section 5361 of the *Compiled Laws*, requiring all actions of assumpsit to be brought within six years. The only question is, therefore, whether any payment or acknowledgment has saved the bar.

The purpose of the agreement sued upon was to sever the liabilities of the former partners, Gillett being allowed to settle separately with the creditors for his own benefit, and not for the benefit or on the account of Sigler. The creditors who dealt with him, in reliance on the agreement, did so expressly for his advantage. By accepting the proposal they made Sigler their sole debtor for his portion of the debt, whatever that might be. He never agreed to be liable alone for the whole, and the dealings with Gillett extinguished it as a joint claim. There is no authority given or implied which could justify any reliance on Gillett's action under this contract as had in behalf of Sigler. The

suit is not on the original claim, but on the latter's private undertaking of October 19th, 1858, and any promise or recognition thereafter could only be valid when made by Sigler, or by his individual authority.

All evidence of Gillett's subsequent acts was, therefore, immaterial, and incompetent to charge Sigler. There being no proof of any other acts of recognition, the claim appears to have become outlawed. The court below erred in holding Gillett's payments binding against Sigler so as to avoid the statutory bar.

As this will dispose of the case, we do not deem it necessary to consider the remaining errors assigned.

Judgment reversed, and a new trial granted.

The other justices concurred.