No. 114.—E. J. Cockfield, Tutor, *v.* H. W. Farley et al. and S. L. Levy.

A payment on a promissory note, before prescription has accrued, by a third party, who has assumed the note in a notarial act, will interrupt prescription, which only begins to run again from the date of such payment.

APPEAL from Ninth District Court, parish of Natchitoches.  *Lewis*, J. *J. M. B. Tucker*, for plaintiff and appellant.   *Pierson & Levy*, for defendants and appellees.

E. J. Cockfield, Tutor, v. H. W. Farley et al. and S. L. Levy.

WYLY, J.   This is a contest between mortgage creditors for the proceeds of the sale of the mortgaged property in the hands of the sheriff.

At the succession sale of William Cockfield, Mrs. Martha T. Myers purchased a tract of land in the parish of Natchitoches, and in evidence of part of the purchase price she executed the note held by plaintiff, payable first May, 1861, for $6333 33⅓, with eight per cent. per annum interest from maturity, securing the same by special mortgage on the plantation bought.

On twelfth May, 1859, she sold the plantation to John L. Lewis, who assumed the payment of said outstanding note, gave his draft for a sum, and executed the notes held by the defendants, securing the same by special mortgage on the plantation purchased. On twenty-first November, 1865, John L. Lewis sold the land to David Pipes, who in turn assumed the payment of the note made by the original purchaser, Mrs. Martha T. Myers, and also the payment of the notes made by his vendor, Lewis, now held by the defendants, and gave another note for an additional sum, also executing a mortgage to secure the purchase price.

These acts of sale were duly recorded, the mortgages were inscribed in the mortgage office, and the mortgage given by Mrs. Myers to secure the note held by the plaintiff was duly reinscribed before the expiration of the ten years. On twelfth March, 1866, David Pipes paid on the note of Mrs. Myers, which he had assumed a large sum.

Subsequently the defendants foreclosed their mortgage on the property owned by Pipes, being the same given by John L. Lewis to Mrs. Myers. The plaintiff opposed the application of the fund to the mortgage of the defendants, claiming that he has a prior mortgage for the balance due on the note by Mrs. Myers, given in evidence of part of the price of the purchase of the land from the succession of William Cockfield, and an order was granted by the judge requiring the sheriff to hold the proceeds of the sale in his hands subject to the further order of the court. On the trial the judge ordered the claim of the plaintiff to be paid out of the proceeds in the sheriff's hands, concurrently with the defendants.   Plaintiff has appealed.

The defendants contend that the claim of plaintiff is at the same time three debts, to wit:  The debt of Mrs. Myers, who made the note, the debt of Lewis, who assumed it, and the debt of Pipes, who also assumed it; and that it is secured by three acts of mortgage, to wit: that given by Mrs. Myers to the succession of William Cockfield, that of Lewis, who assumed the debt and mortgaged the property to secure it as part of the price, together with the notes held by the defendants, and the mortgage given by Pipes to secure the purchase price, to wit: the notes held by both the plaintiff and the defendants, which he assumed.

E. J. Cockfield, Ti to , v. H. W. Farley et al. and S. L. Levy.

The defendants insist that the plea of prescription of five years, which they pleaded, should prevail, so far as to extinguish the debt of Mrs. Myers, and with the extinction of the debt the mortgage given by Mrs. Myers also became extinguished. They contend that the payment by Pipes did not interrupt prescription as to Mrs. Myers, although it did so as far as the assumpsit of the debt by Lewis and Pipes. That so far as Mrs. Myers is concerned the debt to the plaintiffs is prescribed, and the mortgage supporting it is consequently dead. They admit, however, that the debt as to Lewis and Pipes, resulting from their assumpsit, has vitality, and the mortgages granted by them alone secures it. And being secured in the same mortgage with the notes of the defendants the claim of the plaintiff can only be paid concurrently.

We do not concur in the view taken by the defendants. A large payment was made on the note before prescription accrued by Pipes, who in a notarial act assumed to pay the note for the maker Mrs. Myers. We regard the payment made by the purchaser, who retained in his hands the amount due to the original vendor and who had assumed to pay it, as an interruption of prescription as to both himself and the original debtor, being made in discharge of the obligation of the latter with her implied assent. 12 R. 399, and the authorities there cited. We think the note of Mrs. Myers, held by the plaintiff, is not prescribed, and the mortgage securing it having been duly inscribed and reinscribed, gives the plaintiff a preference on the funds to be distributed for the balance due on his claim.

It is therefore ordered that the judgment appealed from be so far amended as to allow the claim of plaintiff E. J. Cockfield, tutor, to be paid by preference out of the funds to be distributed, and in other respects that the judgment be affirmed, the defendants paying costs of both courts.