No. 3794.—JULES LEVY et als. *v*. POLICE JURY OF POINTE COUPEE.

The assumption of a mortgage by a purchaser of the property and the payment of the interest as it becomes due interrupts prescription as to the mortgage creditor, and the rank and vitality of the mortgage is preserved.

The execution of a second mortgage on a different piece of property to secure a debt already secured by a mortgage on other property does not *ipso facto* novate the first mortgage.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupee. *Miller*, J. *Edward Phillips*, for plaintiffs and appellees. *Haralson & Claiborne*, for defendants and appellants.

HOWELL, J. On twelfth June, 1850, Zenon Ledoux borrowed from the Police Jury of Pointe Coupee $2540 of the "Poydras Fund" and executed a mortgage on his plantation to secure its payment. On twenty-third December, 1850, Ledoux sold said plantation to Wm. A. Patterson, who assumed to pay said mortgage debt as part of the price. On tenth January, 1851, Patterson sold to R. W. McRae, who assumed the said debt as a part of the price. On twentieth February, 1852, McRae sold to Ovide Lejeune, who also assumed said debt as a part of the price. And on ninth December, 1866, Lejeune sold to J. C. Patrick, who likewise assumed the same as a part of the price. The annual interest on said loan has been regularly paid by the respective owners of the land mortgaged. On seventh May, 1870, this suit was instituted to have the said mortgage declared inferior in rank and postponed to the legal mortgage in favor of Mrs. Marguerite Levy, one of the plaintiffs, which attached to all the property owned since twelfth April, 1854, by said Ovide Lejeune, to whom she was married in 1842, and from whom she was divorced in April, 1856. This demand is based on the ground that the said claim or debt is extinguished by prescription and novation.

The admission "that the interest on the capital has been regularly paid by the parties who subsequently became owners of the land," is proof of the interruption of prescription as to all the parties who were liable for the payment of the debt. Each successive purchaser assumed its payment for the benefit of the preceding one, and the payment of the interest was so made in cash in discharge of the former, and with his implied consent, and hence the vitality and rank of the mortgage upon the land were preserved. See 12 R. 399; 21 An. 521. Nor does the record sustain the plea of novation. Concede that the act of mortgage executed, on the twenty-seventh March, 1853, by Ovide Lejeune, in favor of the police jury on another and different tract of land, was intended to secure this debt, it is neither stipulated nor intimated therein or elsewhere that the existing mortgage on the land acquired from and mortgaged by Zenon Ledoux, was canceled or extinguished, or the debt secured by it novated. The indorsement

made on sixteenth February, 1858, by the recorder on the record of the mortgage of Ledoux, as to the canceling of the mortgage in the name of McRae, has no connection with this act by Lejeune on twenty-seventh March, 1853. And furthermore, Lejeune sold the land in question on ninth December, 1866, to Patrick, subject to this very mortgage.

"Novation is not presumed; the intention to make it must clearly result from the terms of the agreement, or by a full discharge of the original debt." R. C. C. 2190.

In this case the debt and mortgage created by Ledoux in favor of the police jury were recognized by each successive purchaser, and the payments made of the interest on the capital loaned kept the debt and mortgage in force. Consequently, the property passed into the hands of Lejeune subject to the said mortgage, and nothing has been done by Lejeune and the police jury to impair its legal force and operation.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment rejecting the demand of plaintiffs with costs in both courts.

Rehearing refused.