## James Powell and another v. Ephraim D. Smith and others.

*Mortgages: Merger: Estoppel.* The owner of lands who treats a mortgage upon the same, which has been assigned to him, as a valid instrument, and transfers it as such, is estopped from insisting, as against the assignee or any one claiming under him, that in his hands it had merged and disappeared in the fee.

*Merger: Estoppel: Subsequent purchaser: Notice.* One who has purchased of a person who is thus estopped from insisting on such merger, after the registry of the assignment of the mortgage by the latter, stands in no better position than his grantor.

*Mortgage: Promissory notes: Statute of limitations: Remedy at law.* The validity of a mortgage, or the remedy upon it, is not affected by the fact that the remedy at law upon the note which accompanied the mortgage was barred by the statute of limitations.

*Heard October 23. Decided October 27.*

Appeal in Chancery from Wayne Circuit.

This was a bill to foreclose a mortgage, dated August 1, 1852, and executed by defendant Smith, and his wife, to secure his promissory note of even date, for one hundred and fifty-six dollars and twenty-six cents. Defendant Evans subsequently purchased the mortgaged premises, and while he was owner of the same, paid to the holders of the

mortgage the amount due upon it, and took an assignment thereof to himself.    He afterwards borrowed two hundred dollars of William Powell, giving his promissory note therefor, and assigning said mortgage to Powell as collateral security for the payment of such note.    The assignment to Evans and his assignment to Powell were both put upon record at the same time.    Evans paid the interest on his note for several years, and subsequently conveyed the premises by full warranty deed to one Thomas Crawford, who took possession and held them until his death, and his heirs have since continued in possession.    William Powell having died, the complainants were appointed administrators of his estate, and brought this bill.    Decree having been rendered for the defendants, the complainants appealed.

*Levi L. Barbour* and *Hoyt Post,* for complainants, were
    stopped by the court.

*Moore & Moore,* for defendants.

COOLEY, J.

The owner of lands who treats a mortgage upon the lands, which has been assigned to him, as a valid instrument, and transfers it as such, is estopped from insisting, as against the assignee or any one claiming under him, that in his hands it had merged and disappeared in the fee. There is nothing to take this case out of the rule.    It is immaterial that remedy at law upon the note which accompanied the mortgage was barred; that would not affect the validity of the mortgage or the remedy upon it.—*Mich. Ins. Co. v. Brown, 11 Mich., 265.*    It is also immaterial that the owner of the lands subsequently sold them.    Had the purchaser bought before the assignment of the mortgage by his grantor was recorded, he would have had a right to understand that the mortgage was merged; but in this case the two assignments,—the one to his grantor and the one by him,—were both recorded together, so that the same

POWELL v. SMITH.

record which informed him of the facts which at common law would constitute a merger, also notified him of the assignment which created the estoppel.

The decree must be set aside, and the case remitted with directions to enter a decree for cómplainants as prayed in the bill, with costs, and for further proceedings. But in view of the fact that the respondents are representatives of an estate which may be embarrassed by an immediate sale, the decree should not provide for a sale under ninety days.

The other Justices concurred.