## TOWN OF HUNTINGTON v. A. H. CHESMORE.

*Statute of Limitations. Agent. Interest. Bills and Notes.*

If A enters into a valid contract with B to pay his demand note, but there is not a novation of the parties to the note, and pays the interest annually in accordance with his agreement, such payment has the same effect in respect to the Statute of Limitations as though made by B himself.

ASSUMPSIT. Pleas, general issue and Statute of Limitations. Trial by court, April Term, 1887, ROWELL, J., presiding. Judgment for the plaintiff.

The suit was brought to recover the amount of a certain promissory note, dated March 1, 1868, and signed by L. C. Snyder, A. H. Chesmore and Hiram Shattuck. The note was given for $100, and payable to the treasurer of the plaintiff town.

The writ was dated February 26, 1886. It was found by the referee that the last payment of interest on the note was made by one Sidney Gillett, and was made later than March 10, 1880; and that the interest was endorsed on the note each prior year from the date of the note up to and including 1880. The defendant denied that he paid any interest subsequent to January 14, 1874; and it was found that the interest after that date was paid by said Gillett.

In the early part of the year 1868 the makers of said note were engaged in the manufacturing of lumber as partners. During the same year they procured an act of incorporation, and organized a corporation known as the "Forest Dale Lumber Co.," which corporation took the property and business of said co-partnership with all of its property, and agreed to assume and pay all of its outstanding liabilities, one of which was the note in suit.

The defendant took a considerable amount of the capital stock of said corporation which he owned and held until January 14, 1874, on which day he sold and assigned the whole of it to one Sidney M. Gillett, receiving therefor about one-half its par value. At that time Gillett executed his notes to the defendant for about one thousand dollars, and pledged the stock that day purchased as collateral security therefor.

After this transaction was completed, but on the same occasion and before the parties had separated, the defendant, as an afterthought, asked Gillett for a personal guarantee against debts outstanding against the old firm of Snyder, Chesmore & Shattuck. Whereupon said Gillett executed the following agreement:

" This agreement witnesseth :—That Sidney M. Gillett, of Huntington, agrees to clear A. H. Chesmore, of Huntington, from all debts due from the firm of Snyder, Chesmore & Shattuck, by paying the same.

" SIDNEY GILLETT.

" Huntington, January 14, 1874."

*Hard & Cushman*, for the defendant.

The payments made by Gillett were made with his own funds, and not with those furnished by the defendant. The sale and delivery of the stock had been fully completed and executed before the writing was mentioned (as an "after-thought"), and the writing was executed without consideration, and so far as it can have any legal effect, was what the defendant called for, only a " guaranty against outstanding debts."

The only question presented by the case is : Did the acceptance by the defendant of the writing executed by Gillett constitute him the agent of the defendant, so that Gillett could legally perpetuate the note in question ? No such agency was created by that paper, nor by the previous sale of the stock. " But it is not enough that the agent is authorized to make the payment. His authority must enable him to bind the

principal by *a promise to pay;* and such authority cannot be implied from the mere authority to make the payment." *Brown* v. *Latham,* 58 N. H. 30.

See *Harper* v. *Fairley,* 53 N. Y. 442; *Smith* .v. *Ryan,* 66 N. Y. 352; 7 Wait Act. & Def. 304.

A payment of interest more than *six years after the writing was made* cannot be regarded in any sense as a payment by the defendant. The most favorable view for the plaintiff which can be taken of the transactions between Gillett and the defendant, on the 14th January, 1874, is, that those transactions so far created an agency in Gillett that payments by him made in *a reasonable time* thereafter on the debts then *due* from the firm, would save such debts from the statute bar. Ang. Lim. s. 247; *Porter* v. *Blood,* 5 Pick. 54; *Reed* v. *Hurd,* 7 Wend. 408 (Bk. 11 L. ed. 178); *Havan* v. *Hathway,* 2 Appleton (Me.), 345; *Gowan* v. *Foster,* 3 B. & Ad. 507.

*Roberts & Roberts,* for the plaintiff.

The law is that from part payment of a debt the law implies an acknowledgment of the remainder of the debt to be due. *Ayer* v. *Hawkins,* 19 Vt. 26; *Goodwin* v. *Buzzell,* 35 Vt. 9; *Corliss* v. *Grow,* 58 Vt. 702; *Hollister* v. *York,* 59 Vt. 1; R. L. s. 974..

The payment was not of Gillett's debt, for he owed the plaintiff nothing, and the plaintiff claimed nothing of him. Those payments made through Gillett went in reduction of the defendant's debt; they were procured by the defendant to be made, he furnishing the funds for that purpose, with a stipulation secured for their application; thus making Gillett, at the least, his agent to make the payments. *McConnell* v. *Merrill,* 53 Vt. 149; *Bailey* v. *Corliss,* 51 Vt. 366; *Burnett* v. *Snyder,* 45 N. Y. 577; 11 U. S. Dig. N. S. 554; *Delavan Bank* v. *Cotton,* 53 Wis. 31; 13 U. S. Dig. 585; *Littlefield* v. *Littlefield,* 91 N. Y. 203; *Forsyth* v. *Bristome,* 8 Exch. 715; 6 Jac. Fish. Dig. 8665.

The opinion of the court was delivered by

ROYCE, Ch. J.  The writing given to the defendant by Sydney M. Gillett, under date of January 14, 1874, and the acceptance of it by the defendant, constituted an agreement between the parties by the terms of which Gillett was to pay, for and on account of the defendant, all debts due from the firm of Snyder, Chesmore & Shattuck.  One of those debts was the note in suit.  There was no novation of the parties to this note, and the defendant's liability to pay it remained unaffected; but the defendant agreed with Gillett to pay the note for him; and, as the referee finds, rested upon that agreement, and gave no further thought or attention to the note himself until his attention was called to it in 1882 by the payee, to whom he replied that it was Gillett's business to see him clear of that debt.

The note was, by its terms, payable on demand, with interest annually.  When the defendant contracted with Gillett to pay the note for him, it cannot be said, therefore, that payment at a time certain, as upon the maturity of a note payable on a date or at the expiration of a time fixed by its terms, was contemplated.  The defendant contracted with Gillett, for his own benefit and advantage, to pay the note for him according to its tenor, which would be whenever payment was demanded by the payee, and must have authorized Gillett to do what he, by contract and agreement, bound him to do, so far as any authorization might be necessary from, and could be given, by the defendant.  The payment of interest annually, until such time as the principal should be paid, was incident to the debt, and a part of the contract evidencing it; so when the defendant bound Gillett to pay this note for him, he bound him also to pay the interest on it, annually, until he discharged the principal, and must have authorized Gillett to the same extent as he bound him in respect of the matter.

The law of this State gives the effect of a new promise to the part payment of a debt, when made by a person having authority to make such payment, and without protestation

Huntington v. Chesmore.

against further liability. The annual interest on this note became a part of the debt evidenced by it, due at the end of each year; and it must be presumed that the defendant and Gillett, when they made their agreement, made it with the understanding that each payment of interest that might be made by Gillett under such agreement, for the defendant, would have the legal effect of a new promise to pay the debt. The defendant could not contract with Gillett to do a certain thing and then say that he did not authorize him to do it. If one contracts with another to discharge for him a certain duty or obligation in a certain way, or to execute for him an agreement which in itself provides the manner in which it shall be carried out, he must necessarily confer authority to act and represent which is commensurate with the obligation imposed and accepted. The defendant could not contract with Gillett to make for him these payments which the defendant was under a legal obligation to make himself, and by some mental reservation and without the consent of the payee, give to those payments a different legal effect, or withhold from them a legal effect, which they would have had if made by himself. This certainly must be true so long as Gillett followed strictly the terms of the contract which the defendant had bound him to carry out. Had the payments of interest been after maturity of the note, or otherwise at variance with the letter of its terms, a different question might be presented, and the question of the extent of Gillett's agency or authority become matter for consideration. But so long as Gillett was doing for the defendant precisely what the defendant had bound him to do, carrying out the contract he had assumed for the defendant precisely according to its terms, his act must be regarded as the act of the defendant, and its legal consequences the same as if done by the defendant himself. In the language of *Smith v. Ryan*, 66 N. Y. 352, cited by the defendant's counsel, Gillett had authority, under his agreement with the defendant, "to perform for the party the very act which is to be the evidence of a new promise."

The judgment is affirmed.