GUARDIAN DEPOSITORS CORP. *v.* WAGNER.

1. LIMITATION OF ACTIONS—FORECLOSURE OF MORTGAGES.
   Proceedings to foreclose a mortgage may be maintained if commenced within 15 years from and after such mortgage shall become due and payable, or within 15 years after the last payment was made on the mortgage (3 Comp. Laws 1929, § 13975).

2. MORTGAGES—DEFICIENCY AGAINST OTHERS THAN MORTGAGOR.
   Where the mortgage debt is secured by the obligation or other evidence of debt of any other person besides the mortgagor, the party foreclosing the mortgage may make such person a party to the bill and the court may decree payment of the balance of such debt remaining unsatisfied, after a sale of the mortgaged premises, as well against such other person as against the mortgagor and enforce such decree.

3. SAME—PERSONS LIABLE UPON FORECLOSURE.
   Upon foreclosure sale, the mortgagors are liable under the statute for deficiency and the obligation or other evidence of debt of any other person besides the mortgagor may make them liable (3 Comp. Laws 1929, § 14368).

4. SAME—FORECLOSURE—EQUITY—SURPLUS—DEFICIENCY.
   Upon foreclosure in equity, the court determines the amount due, orders a sale of the premises, the proceeds of which are applied toward satisfaction of the mortgage debt, any surplus being brought into court for the use of the defendants, subject to the order of the court, and if there is a deficiency, payment thereof may be decreed against the mortgagor and any other person whose obligation secures payment of the mortgage (3 Comp. Laws 1929, § 14366, as amended by Act No. 229, Pub. Acts 1933, §§ 14368, 14373).

5. SAME—FORECLOSURE—PARTIES.
   Mortgagors who had conveyed premises to grantee who had agreed to pay the mortgage were proper parties to suit to foreclose the mortgage, hence trial court was in error in dismissing it as to them.

6. Same—Note Construed with Mortgage.

    The mortgage and note whose payment is secured are to be construed together.

7. Action—Limitation of Actions—Statutes—Common Law.

    In all matters not covered by chapter on limitation of actions, the common law prevails.

8. Limitation of Actions—Foreclosure of Mortgages—Joint Contractors—Mortgagors and Grantee.

    In chancery suit to foreclose a mortgage against mortgagors and their grantee, statutory provision that, if there are two or more joint contractors, no one of them shall lose the benefit of the chapter on limitation of actions so as to be chargeable by reason only of any payment made by any other or others of them does not apply as defendant mortgagors are not joint contractors with their grantee (3 Comp. Laws 1929, § 13989).

9. Same—Foreclosure of Mortgages—Notes.

    Notwithstanding fact that statute of limitations applicable to a mortgage note may have barred action under such note, the validity of the mortgage or the remedy under it are not affected thereby as the mortgage lien may be foreclosed at any time within 15 years after the last payment (3 Comp. Laws 1929, §§ 13975, 13976, as amended).

10. Same—Tolling by Payment by One Under Obligation to Pay.

    Payment upon a mortgage obligation by anyone who could be compelled to pay, or by anyone who has agreed in writing to pay it, or by one who has assumed the debt, is sufficient to toll the statute of limitations (3 Comp. Laws 1929, §§ 13975, 13976, as amended).

11. Same—Mortgages—Assumption of Liability—Tolling by Payment.

    While payments made by a mortgagor's grantee who takes subject to the mortgage but does not agree to pay the debt secured by the mortgage, will not suspend the statute as to the mortgagor, had the grantee assumed and agreed to pay the debt and he makes a payment the statute is prevented from running against the mortgagor (3 Comp. Laws 1929, §§ 13975, 13976, as amended).

12. Same—Payment by Mortgagor's Grantee.

    A mortgagor's grantee who assumes and agrees to pay an outstanding mortgage against the premises as part of the purchase

price and thereby protecting himself by contract from the danger of paying twice has authority to keep the statute of limitations from running not only against himself but also as against his grantee, by making payments thereon (3 Comp. Laws 1929, §§ 13975, 13976, as amended).

13. Mortgages—Assumption of Liability—Grantee's Performance.

The mortgagor may not complain that his grantee has carried out, or attempted to do so, the contract in writing which, as grantee, he made with his grantor in relation to the payment of a part of the purchase price upon the outstanding mortgage against the premises and tolled the running of the statute of limitations as against the mortgagor by making such payments (3 Comp. Laws 1929, §§ 13975, 13976, as amended).

14. Limitation of Actions—Payment by Another—Tolling of Statute—Authority.

Payment by another, to toll the running of the statute of limitations as against a debtor, must be made by such a person as is authorized to make a new promise on behalf of the debtor for the residue (3 Comp. Laws 1929, § 13976, as amended).

15. Same—Mortgages—Payment by Mortgagors' Grantee—Assumption of Liability.

Mortgagors' grantee who assumed and agreed to pay the outstanding mortgage, in making payments thereon merely did what he was bound by the agreement in writing to do and such payments, so far as the mortgagors' liability is concerned, are the same as though made by them, hence, where foreclosure proceeding was commenced within four years after last payment was made, mortgagee was not barred from recovery of a deficiency from the mortgagors by either the six- or ten-year statute of limitations (3 Comp. Laws 1929, §§ 13975, 13976, as amended, § 14366 as amended, § 14368).

Bushnell, Sharpe, and Chandler, JJ., dissenting.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted October 12, 1938. (Docket No. 3, Calendar No. 40,107.) Decided December 22, 1938. Application for rehearing discontinued by consent January 31, 1939.

Bill by Guardian Depositors Corporation, a Michigan corporation, against Robert J. Wagner and wife

and Philip C. Baker and wife to foreclose a mortgage and for a deficiency decree. Defendants Wagner's motion to dismiss granted. Plaintiff appeals. Reversed.

*Bodman, Longley, Bogle, Middleton & Farley* (*Carleton H. McIntyre,* of counsel), for plaintiff.

*Chester P. O'Hara,* for defendants.

POTTER, J. May 15, 1926, Robert J. Wagner and wife borrowed $12,500 from the Bank of Detroit and gave therefor their promissory note of $12,500, secured by real estate mortgage of even date made by them to the bank collateral thereto, the terms and conditions of which were made a part of the note.

Under any theory of the case, the mortgage is due and payable. October 30, 1937, plaintiff, as owner of the mortgage, filed a bill to foreclose the same. The trial court, on motion of counsel for defendants Wagner ordered that the bill of complaint so far as the same pertains to the defendants Robert J. Wagner and Hazel A. Wagner be dismissed, with costs to said defendants. Plaintiff appeals.

Proceedings to foreclose a mortgage may be maintained if commenced within 15 years from and after such mortgage shall become due and payable, or within 15 years after the last payment made on the mortgage. 3 Comp. Laws 1929, § 13975 (Stat. Ann. § 27.604).

Where the mortgage debt is secured by the obligation or other evidence of debt of any other person besides the mortgagor, the plaintiff may make such person a party to the bill, and the court may decree payment of the balance of such debt remaining unsatisfied, after a sale of the mortgaged premises, as well against such other person as the mortgagor,

and may enforce such decree as in other cases. Upon foreclosure sale, the mortgagors are liable under the statute for deficiency and the obligation or other evidence of debt of any other person besides the mortgagor may make them liable. 3 Comp. Laws 1929, § 14368 (Stat. Ann. § 27.1136). Upon foreclosure, the court ascertains and determines the amount due, orders a sale of the premises and if, upon sale, the proceeds thereof equal or exceed the amount due upon the mortgage debt, interest and costs, the same is satisfied. If there is a surplus, it is brought into the court for the use of defendants, subject to the order of the court. 3 Comp. Laws 1929, § 14373 (Stat. Ann. § 27.1141). And if the premises do not, upon mortgage sale, bring sufficient to satisfy the balance of the mortgage, interest and costs, the court may decree the payment of the balance of the mortgage debt remaining unsatisfied after a sale of the premises against the mortgagor and against any other person besides the mortgagor whose obligation or other evidence of debt secures the payment of such mortgage. 3 Comp. Laws 1929, § 14366, as amended by Act No. 229, Pub. Acts 1933, § 14368 (Stat. Ann. §§ 27.1134, 27.1136).

The trial court was in error in dismissing the bill of complaint as to Wagner and wife who were proper parties to the suit.

Wagner and wife conveyed the premises by warranty deed September 1, 1926, to Philip C. Baker, as grantee, who assumed and agreed to pay the mortgage in question. The mortgage contained two clauses upon which defendants Wagner rely, one of which, inserted in the mortgage in typewriting, was as follows:

"It is understood and agreed by the parties hereto that should default be made in any of the terms

of this mortgage, then the entire amount due, including the unpaid balance on principal and interest and all expenses shall be in default and the mortgage (mortgagee) is hereby empowered to exercise the power of sale covering the entire amount then unpaid.''

The mortgage also contained in the printed form a provision:

''That should default be made in the payment of any of the sums of money above mentioned, or any instalment of interest, or in the performance of any of the covenants or agreements herein contained, and should such default continue for 30 days, the whole principal sum of this mortgage, together with all arrearage of interest thereon shall, at the option of said mortgagee, its successors or assigns, and without notice, become and be due and payable immediately thereafter, although the period above limited for the payment thereof may not then have expired.  The commencement by said mortgagee, its successors or assigns, of proceedings to foreclose this mortgage in any manner authorized by law shall be deemed an exercise of said option.''

Upon the filing of the bill of complaint, the defendants Wagner and wife made a motion to dismiss the bill of complaint for the reason that plaintiff was foreclosed from the right to recover a deficiency decree against the Wagners for the reason that its right to recover the same was barred by 3 Comp. Laws 1929, § 13976, as amended (Stat. Ann. § 27.605), which statute provides that all actions in any court of this State shall be commenced within six years after the cause of action shall accrue, and not afterwards, and the cause of action upon the note accrued on May 15, 1929.  Counsel for defendants Wagner also claimed plaintiff was barred by

the statute of limitations for the reason that under the provisions of the mortgage above mentioned and the date of payments of interest upon said mortgage, any right of action based upon the covenants of said mortgage was breached and plaintiff's cause of action accrued more than 10 years prior to the filing of the bill of complaint. The trial court held with defendants as above indicated and dismissed the bill of complaint, with costs, as to the defendants Robert J. Wagner and Hazel A. Wagner.

Under the settled law of this State, the mortgage and the note are to be construed together. *Sutton* v. *Beckwith,* 68 Mich. 303 (13 Am. St. Rep. 344) ; *Interstate Construction Co.* v. *United States Fidelity & Guaranty Co.,* 207 Mich. 265; *Grover* v. *Gratiot Macomb Development Co.,* 257 Mich. 26.

The trial court relied upon 3 Comp. Laws 1929, § 13989 (Stat. Ann. § 27.618), which provides that if there are two or more joint contractors, no one of them shall lose the benefit of the provisions of this chapter so as to be chargeable by reason only of any payment made by any other or others of them. It is settled in this State that in all matters not covered by this chapter the common law prevails. *Atwood* v. *Gillett,* 2 Doug. (Mich.) 206; *Pennoyer* v. *David,* 8 Mich. 407; *Sigler* v. *Platt,* 16 Mich. 206; *Littlefield* v. *Dingwall,* 71 Mich. 223; *Patterson* v. *Collier,* 113 Mich. 12 (67 Am. St. Rep. 440) ; *Curtiss* v. *Perry,* 126 Mich. 600; *Borden* v. *Fletcher's Estate,* 131 Mich. 220; *Brown* v. *Hayes,* 146 Mich. 474. This statute has no application. The parties sought to be held here were not joint contractors and we are unable to find any provision in the statute expressly covering the question here involved.

It is immaterial that the remedy at law upon a note which accompanied the mortgage was barred.

That would not affect the validity of the mortgage or the remedy upon it, *Powell* v. *Smith,* 30 Mich. 451, which remedy may be enforced although action on the debt secured or the evidence thereof is barred. 37 C. J. p. 703. When suit is brought on a mortgage note, such suit is governed by the applicable statute of limitations. Though the statute of limitations may have run against a mortgage note, that does not affect the validity of the mortgage lien given to secure the payment of the same, which mortgage lien may be foreclosed at any time within 15 years after the last payment. *Stringer* v. *Stevens' Estate,* 146 Mich. 181 (8 L. R. A. [N. S.] 393, 10 Ann. Cas. 337, 117 Am. St. Rep. 620). Payment upon the obligation by anyone who could be compelled to pay, *Sutherlin* v. *Roberts,* 4 Ore. 378; *In re Frisby,* 59 L. J. Ch. 94 (43 Ch. D. 106, 61 L. T. 632), or by anyone who has agreed in writing to pay the debt, *Town of Huntington* v. *Chesmore,* 60 Vt. 566 (15 Atl. 173), or by one who has assumed the debt, *Cockfield* v. *Farley,* 21 La. Ann. 521; 37 C. J. p. 1160, is sufficient to toll the statute. Payments made by a grantee who takes subject to the mortgage, but who does not agree to pay the debt secured by the mortgage, will not suspend the statute as to the mortgagor. 37 C. J. p. 1166.

"And payment of interest by a person who, as between himself and the mortgagor, is bound to pay it, although he is under no contract with the mortgagee to do so, are payments sufficient to prevent the statute from running." 19 Halsbury's Laws of England, pp. 94, 95.

In *Bradshaw* v. *Widdrington,* 71 L. J. Ch. 627 ([1902] 2 Ch. D. 430, 86 L. T. 726), Lord Justice Buckley said:

"Looking at it upon principle, in the first instance, apart from authority, it seems to me that all principle and common sense lead to the conclusion that it is sufficient that the payment be made by a person who, as between himself and the mortgagor, is bound to pay. You have to see whether the mortgagor has made an admission. That is the basis of it all. Whether the mortgagor has himself paid, or whether he has called upon somebody else and bound somebody else towards him to pay it, and that person has paid, equally, as it appears to me, the mortgagor has made an admission."

He then reviewed the authorities, *Chinnery* v. *Evans*, 11 H. L. Cas. 115 (11 L. T. 68); *Harlock* v. *Ashberry*, 51 L. J. Ch. 394 (19 Ch. D. 539, 46 L. T. 356); *Lewin* v. *Wilson*, 55 L. J. P. C. 75 (11 App. Cas. 639, 55 L. T. 410), and said:

"I agree that payment was not made by the mortgagor, James Edward Bradshaw. Whether it was made by his agent or not is another matter. For the present purpose I am assuming that William Bradshaw was not his agent. Assuming that he was not his agent, still it was made by William, who was, I think, as between himself and his father, the person who was bound to pay. Inasmuch as that was so, William's payment, made in pursuance of his contractual obligations towards his father, was, as it appears to me, his father's admission of liability."

Lord Justice Collins, master of the rolls, said:

"William Bradshaw came under a liability to his father to pay the principal of the mortgage debt, and to pay the interest upon it as long as it subsisted. That his obligation continued so long as the mortgage subsisted, whether the father thought it subsisted or not, and the payment by the son in these circumstances under the contract with his father would, as it seems to me, by virtue of that contract

enure as a payment in relief of the mortgagor on the still subsisting contract, and must be taken to have been made with his assent and by his authority under the contract. That contract would survive, although the mortgagor himself were dead. * * * I think, therefore, there was a payment which had all the essentials to render it an admission by the mortgagor that the mortgage was still subsisting.''

And Lord Justice Cozens-Hardy said:

''Although there was no contract between the mortgagees and the son, it is in my view quite sufficient that there was a contract between the mortgagor and the son, which, as between them, bound and entitled the son to make the payments of interest to the mortgagees, and, that being so, there has been a payment of interest which suffices to prevent the statute from running.''

Payments made by a grantee of the mortgagor who has assumed and agreed to pay the mortgage debt operate to suspend the statute as against the mortgagor. *McLane* v. *Allison,* 60 Kan. 441 (56 Pac. 747); *Levy* v. *Police Jury of Pointe Coupee,* 24 La. Ann. 292; *Biddle* v. *Pugh,* 59 N. J. Eq. 480 (45 Atl. 626); *Harper* v. *Edwards,* 115 N. C. 246 (20 S. E. 392); *Hollister* v. *York,* 59 Vt. 1 (9 Atl. 2); *Forsyth* v. *Bristowe,* 8 Exch. 715 (22 L. J. Ex. 255).

''If the debt secured by a recorded trust deed has been kept alive by a purchaser of the property who assumed, and for a sufficient consideration agreed to pay, the debt, a grantee of such purchaser takes subject to the deed of trust, and cannot plead the limitation to defeat foreclosure while the debt remains alive.'' *Murray* v. *Emery* (syllabus), 187 Ill. 408 (58 N. E. 327).

The purchaser of real estate is bound to pay the purchase price. Such grantee who assumes and

agrees to pay an outstanding mortgage upon the premises purchased, given by his grantor, thus protects himself by contract from the danger of paying twice. Such grantee who agrees to pay the mortgage has authority to keep it on foot by payments made thereon, not only as against himself, but also as against his grantor. 2 Wood on Limitations (4th Ed.), p. 1058. This is a part of his contract with his grantor. He is not such a stranger to the mortgage debt that he cannot, while he is the owner of the mortgaged property, extend and continue the same, not only as against himself, but as against the mortgagor. The grantor and mortgagor cannot evade being bound by a contract which he entered into with his grantee who assumed and agreed to pay the mortgage. Both or neither are bound. The mortgagor may not complain that his grantee has carried out, or attempted to carry out and perform, the contract in writing which, as grantee, he made with his grantor in relation to the payment of a part of the purchase price upon the outstanding mortgage against the premises.

It is settled by *Home Life Ins. Co.* v. *Elwell,* 111 Mich. 689, that payments made by a grantee of a mortgagor upon a mortgage, which the grantee did not assume and agree to pay, are not sufficient to toll the running of the statute of limitations as against the mortgagor. But, it is said:

"Where the payment is made by another, it has been held that such other must be one authorized to make a new promise on behalf of the debtor for the residue. *Brown* v. *Latham,* 58 N. H. 30 (42 Am. Rep. 568); *Harper* v. *Fairley,* 53 N. Y. 442; *Littlefield* v. *Littlefield,* 91 N. Y. 203 (43 Am. Rep. 663). And see 1 Wood, Limitations (2d Ed.) § 101 *et seq.*"

The bill of complaint alleges, and it is not denied, that Baker and wife acquired ownership of the premises September 1, 1926, by deed from Wagner and wife, in which deed the said Philip C. Baker, grantee, assumed and agreed to pay the said mortgage here in question.  By the stipulation of facts, it appears that payments of interest upon this mortgage were made October 2, 1926, April 2, 1927, October 22, 1927, April 28, 1928, October 24, 1928, April 29, 1929, November 2, 1929, May 6, 1930, October 9, 1930, April 22, 1931, October 9, 1931, April 7, 1932, October 25, 1932, September 28, 1933, and November 8, 1933.  These payments were all made by Baker and wife for themselves and for their own benefit, and it is stipulated that such payments were not made by the Bakers as agent for the Wagners ''unless the defendants, Robert J. Wagner and Hazel A. Wagner are legally bound by payments made on said mortgage and note without any authority from either Robert J. Wagner or Hazel A. Wagner.''

When Baker and wife accepted the deed from Wagner and wife, dated September 1, 1926, in which deed Baker, as grantee, assumed and agreed to pay the mortgage in question, such agreement was an agreement made between Baker, as grantee, and Wagner and wife, the grantors.  It constituted written authority upon the part of Baker to make the payments upon the mortgage indebtedness.  And under all of the authorities, Wagner and wife are bound by such payments.  Such payments were made in pursuance of an agreement made between the parties which expressly authorized and empowered Baker to make the payments in the place of the mortgagors, Wagner and wife.

*Sutton* v. *Sutton*, 52 L. J. Ch. 333 (22 Ch. D. 511, 48 L. T. 95), holds the English statute in relation to

payments applies equally to actions to enforce a mortgage and actions against a mortgagor to enforce a covenant for payment of the mortgage money.

Wagner and wife contracted with Baker for their own benefit and advantage, upon ample consideration, to pay the note for them and must be held to have authorized and empowered Baker to do what they by their own contract and agreement in writing with him bound him to do. In making the payments made on the note and mortgage, Baker was doing personally only what Wagner and wife bound him in writing to do. Baker's acts in making these payments must be treated and considered as the acts of Wagner and wife and the legal consequences held to be the same as if the payments had been made by defendants Wagner in person. *Town of Huntington* v. *Chesmore, supra.*

By the amended stipulation of facts, the last payment of interest was made November 8, 1933. It was made by Baker in pursuance of his agreement contained in the deed from Wagner and wife. The foreclosure proceeding having been commenced October 30, 1937, neither the six-year nor the ten-year statute of limitations operated to affect the right of plaintiff to a deficiency decree against the Wagners for the reason that the payments made by Baker were payments made by one authorized by Wagner and wife to make them and to make a new promise to pay the balance due upon the mortgage indebtedness.

The decree of the trial court is reversed, with costs, and the case remanded for further proceedings in accordance herewith.

Wiest, C. J., and North, and McAllister, JJ., concurred with Potter, J.

BUSHNELL, J. (*dissenting*). This is an appeal from an order dismissing the bill of complaint as to defendants Wagner.

On May 15, 1926, defendants Wagner executed a promissory note in the sum of $12,500 to The Bank of Detroit, payable on May 15, 1929. The note bore interest at six per cent. per annum, payable on October 1, 1926, and semi-annually thereafter. At the same time the Wagners executed a mortgage on certain real property in which they covenanted to pay the principal and interest as stated above. On September 1, 1926, defendants Wagner gave a warranty deed to defendant Philip Baker, in which the latter assumed and agreed to pay the mortgage. By various assignments the mortgage and note became the property of plaintiff, Guardian Depositors' Corporation. No payments were ever made on either principal or interest by defendants Wagner; all of them were made by defendant Baker in his own behalf. The ledger sheet of the original mortgagee disclosed that the interest due October 1, 1926, was paid October 2d; the interest due on April 1, 1927, was paid April 2d; and the interest due on October 1, 1927, was actually paid October 22d.

During the entire time from the execution of the note and mortgage on May 15, 1926, to October 30, 1937, when this suit was instituted, defendants Wagner were residents of and living in the city of Detroit.

The mortgage in question was on a printed form which contained the following paragraph:

"That should default be made in the payment of any of the sums of money above mentioned, or any instalment of interest, or in the performance of any of the covenants or agreements herein contained, and should such default continue for 30 days, the whole principal sum of this mortgage, together with

all arrearage of interest thereon shall, at the option of said mortgagee, its successors or assigns, and without notice, become and be due and payable immediately thereafter, although the period above limited for the payment thereof may not then have expired. The commencement by said mortgagee, its successors or assigns, of proceedings to foreclose this mortgage in any manner authorized by law shall be deemed an exercise of said option.''

The mortgage also contained this typewritten clause:

"It is understood and agreed by the parties hereto that should default be made in any of the terms of this mortgage, then the entire amount due, including the entire balance on principal and interest and all expenses shall be in default and the mortgagee is hereby empowered to exercise the power of sale covering the entire amount then unpaid.''

Plaintiff sought a decree against each of the defendants for the entire amount due upon the note and mortgage and, if necessary, a foreclosure of the mortgage. Defendants Wagner moved to dismiss plaintiff's bill of complaint for the reasons that more than six years had elapsed since the promissory note became due on May 15, 1929, and more than 10 years had elapsed since plaintiff's cause of action accrued upon the covenants of the mortgage, which defendants Wagner claim were first breached on October 1, 1926. Plaintiff insisted that the statute of limitations, 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605), was inapplicable because the mortgagee did not have the right to declare the full amount of the mortgage due and payable unless the mortgagor's default continued for 30 days, and that none of the defaults continued for more than 22 days. Plaintiff further claimed that the typewritten paragraph was

inserted by mistake and, if it has been deliberately inserted, then the typewritten paragraph and the printed paragraph should be reconciled. Plaintiff also claimed the mortgage was ambiguous. The trial court held that there was neither mistake nor ambiguity, that the typewritten clause could not be reconciled with the printed paragraph, that the typewritten clause expressed the intent of the parties, that plaintiff's cause of action accrued more than 10 years prior to October 30, 1937, and granted the Wagners' motion to dismiss.

If the parties intended to give the typewritten insertion any effect, and we must presume that they did, their purpose was to make the entire amount of principal and interest due on default in any of the terms of the mortgage. The printed clause, on the other hand, required continuous default for 30 days before the principal and interest became immediately due thereafter at the option of the mortgagee. These two provisions cannot be reconciled. It is well settled that where parts of an instrument are inconsistent, an inserted written or typewritten portion will prevail over the printed one. This rule is stated in 12 Am. Jur. p. 797, as follows:

"Where part of a contract is written and part is printed, and the written and printed parts are apparently inconsistent or there is reasonable doubt as to the sense and meaning of the whole, the words in writing will control. The reason greater effect is given to the written than to the printed part of an agreement, if they are inconsistent, is that the written words are the immediate language and terms selected by the parties themselves for the expression of their meaning, while the printed form is intended for general use without reference to particular objects and aims."

In *Mansfield Machine Works* v. *Common Council of Lowell,* 62 Mich. 546, the court said:

"The *written* portion of the contract, if inconsistent with any part of the *printed* form, must govern and control."

See, also, *Russell & Co.* v. *Bondie,* 51 Mich. 76.

It is claimed, however, that, if we sustain the typewritten clause, we sanction an oppressive provision in the mortgage which, under penalty of forfeiture, exacts prompt and immediate payment from the mortgagor. We have held similar clauses valid and enforceable. See *Brody* v. *Crozier,* 242 Mich. 660; *Rathje* v. *Siegel,* 243 Mich. 376, and *Jaarda* v. *Van Ommen,* 265 Mich. 673.

The trial court was correct in finding that there were defaults in the payments of interest due October 1, 1926, and again on April 1, 1927, and finally on October 1, 1927. More than 10 years having elapsed from the default before the commencement of suit, plaintiff's cause of action is barred by the statute of limitations. 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).

The order dismissing the bill of complaint as to defendants Wagner should be affirmed, with costs to appellees.

SHARPE and CHANDLER, JJ., concurred with BUSHNELL, J. BUTZEL, J., did not sit.