## The Singer Manufacturing Company v. Charles A. Haines.

*Sales: Promissory note: Agreement to receive pay in labor: Construction.*
Defendant having purchased a sewing machine of plaintiff's agent, to be
paid for in work, giving his note for the purchase price and receiving
back from the agent an agreement to take the amount in work, to apply
on the machine, it was held, in an action on the note, that the note and
the other writing were to be construed together as one transaction, and
that it was unimportant whether the labor was to be received by the
company or its agent, so long as it was a fundamental part of the agree-
ment that defendant should be allowed to pay in services and not be
bound to pay in money.

*Submitted on briefs April 12.    Decided April 24.*

Case made from Kent Circuit.

*D. E. Corbitt*, for plaintiff.

*E. A. Dapper*, for defendant.

GRAVES, J:

This action was brought by the company on a promis-
sory note made to it by Haines for eighty-five dollars, being
the price of a sewing machine.

In selling the machine and taking the note, the company
acted through its agent, one J. M. Wyand.

As matter of defense against the note, Haines testified,
under objection, that Wyand called on him several times to
sell him a machine, and that he told Wyand he did not
want to pay the money for one, under any consideration; that
Wyand then observed that he was going to build a house,
and that he, Haines, might work on the house enough to
pay for the machine; that the note was then given and a
writing received back from Wyand, in regard to paying in
work; that he, Haines, subsequently offered his services to
Wyand but the offer was not accepted. The writing before
mentioned was then admitted in evidence under objection.
It was in these terms:

36 MICH.—49.

*"May 16th, '74.*

"I agree to take the amount of eighty-five dollars in work, which work will apply on the machine.

"J. M. WYAND."

It is contended that the admission of this matter was improper.. A majority of the court think, however, that it was both pertinent and important, as going to explain the real transaction, and as tending to establish that the actual consideration to be rendered by Haines was labor and not cash; that it was unimportant whether the labor was to be received by the company or by its agent, so long as it was a fundamental part of the agreement that Haines should be allowed to pay in his services and should not be bound to pay in money; that the note and other writing should be taken and construed together, in order to show the true nature of the transaction; and when so viewed, no doubt is felt. There is no ground for disturbing the judgment, and it must be affirmed, with costs.

The other Justices concurred.