DeWITT C. SPAULDING ET AL. v. JOSEPH COON.

*Contracts—Construction—Agreement to deliver hay.*

A contract of doubtful meaning must be construed in the light of all circumstances existing when it was made and bearing on the subject.

A receipt was given for money paid to apply on the purchase of hay "to be delivered at Fisher's Station @ $10.00 per ton, including board for men and teams, fuel for engine, and men to pitch the hay to the press.   Hay to be paid for as delivered and to be delivered in a reasonable time after being pressed."   *Held* that under the contract embodied in this receipt it was the duty of the party receiving pay-

ment to do everything necessary for delivering the hay at Fisher's Station, baled or pressed, except the pressing, and within a reasonable time to permit the purchaser to press it, and to notify him when ready to permit him to do so; *also*, that the failure to give such notice or permission excused the purchaser from the necessity of pressing the hay and rendered the vendor liable, as for breach of contract, on his refusal to deliver it, as the purchaser could not trespass on the vendor's premises for the purpose of pressing it.

Error to Wayne. (Jennison, J.) April 25.—June 13.

Assumpsit. Plaintiffs bring error. Reversed.

*S. R. Harris* for appellants.

*F. A. Baker* for appellee. A contract which the statute of frauds requires to be in writing cannot be modified or varied by a subsequent parol agreement: *Abell v. Munson* 18 Mich. 312; Benjamin on Sales § 216; Browne on Statute of Frauds § 414.

Sherwood, J. This case was an action of assumpsit for breach of contract in the non-delivery of certain hay. The plaintiff declared specially and on the common counts. Plea, general issue.

The case has been in this Court once before. 47 Mich. 162. On the trial, the proceedings of which are now before us for review, the court directed a verdict for the defendant. Quite a number of exceptions were taken to the rulings at the circuit, but the consideration of two questions only will be necessary to dispose of the case.

*First.* Under the contract declared on, was it the duty of the plaintiffs to press the hay?

*Second.* If it was, did they do what was required of them in a reasonable time? and if not, was the failure excused?

The contract was made at the house of the defendant on the farm where the hay was stored in two or three barns; and is as follows:

"Dearborn, Mich., Sept. 25th, 1879.

Received from Spaulding & Rogers fifty dollars to apply on purchase of hay estimated at 100 tons more or less, to be delivered at Fisher's Station @ $10.00 per ton, includ-

ing board for men and teams, fuel for engine, and men to pitch the hay to the press. Hay to be paid for as delivered and to be delivered in a reasonable time after being pressed. $50.00.                         JOSEPH COON."

A careful construction of this contract is necessary .to the proper determination of these questions; and in doing this it must be read in the light of all the circumstances existing and having any bearing upon the subject when it was made. The instrument is very brief and somewhat imperfect. It is entirely silent as to which of the parties should press the hay, and also as to the time when it should be done. These are left to be determined by construction.

It appears from the record that the plaintiffs were engaged in lumbering, and buying and selling hay and sending it into the northern part of Michigan; that the hay, baled or pressed, was worth at the time the contract was made ten dollars per ton at Fisher's Station mentioned in the contract; that the defendant's farm was about five miles from the station.

When the contract was made it was not expected the hay would be either pressed or delivered immediately. The defendant was farming, and stated to plaintiffs he wished to complete his fall work before pressing it.

The plaintiffs owned a press and engine and were accustomed to do such work, and proposed to press this hay immediately after making the contract; but defendant, for the reason stated, did not wish to do it in less than three weeks, and when thereafter it would be convenient for him to do it he promised to let the plaintiffs know, but he never after gave them any such notice.

On the 10th day of November, 1879, not hearing from defendant, plaintiffs wrote and sent to the defendant, from Dearborn, a letter postpaid, asking when it would be convenient for defendant to press the hay, and that they could attend to it the following week.

No answer was made to this letter and defendant's counsel deny that the same was ever received by Coon.

On the 22d of November the plaintiffs took their engine and press to the defendant's premises and offered to do the

pressing and demanded the hay. The defendant then refused to press, or deliver it, giving as a reason, "hay had gone up." It had advanced since the date of the contract to $15 per ton.

Under the contract it was clearly the duty of the defendant to do everything necessary to deliver the hay, baled or pressed, at Fisher's Station, except the pressing as delivered.

And it was also the duty of defendant, under the facts as they appear in this case, to permit the plaintiffs within a reasonable time to press the hay, and, further, to notify the plaintiffs when he was ready to have them come and do the pressing ; and by failing to give such notice, or to permit the plaintiffs to do the pressing, the plaintiffs were excused from the performance of that work, and when the defendant refused to deliver the hay he at once became liable in this action.

Under this contract the plaintiffs had no control of the hay until it was pressed and delivered at Fisher's Station, and could not enter the barns or premises where the same was stored, on the defendant's farm, until first licensed by the defendant, without being trespassers.

It is worthy of notice that this record shows no complaint on the part of defendant because of delay in pressing the hay until after the bringing of this suit ; and when defendant was called upon to allow the hay to be pressed and to perform his contract by making delivery of the same, he did not place his refusal upon any such grounds.

We think the plaintiffs should have been permitted to have made their proofs and gone to the jury with their case.

Judgment must be set aside and new trial granted with costs.

The other Justices concurred.