COMMERCIAL MILLING CO. *v.* SCHIEMANN.

SALES—EVIDENCE—BILL OF SALE—ADMISSIBILITY.

In an action for goods sold and delivered, where defendant claimed that he was not the owner of the business, writings evidencing the sale thereof to him were admissible in evidence, although they were retained by the attorney who drew them, where there was evidence that defendant, after the execution of the papers, at once assumed management and control of the business and property.

Error to Wayne; Law (Eugene F.), J., presiding. Submitted April 4, 1922. (Docket No. 11.) Decided June 5, 1922.

Assumpsit by the Commercial Milling Company against Frederick O. Schiemann for goods sold and delivered. Judgment for plaintiff. Defendant brings error. Affirmed.

*Herbert W. Smith,* for appellant.

*Routier & Nichols,* for appellee.

CLARK, J. Prior to September 15, 1919, Frederick O. Schiemann owned and conducted a baking business in Detroit. About that time he sold the business to his son Carl and others who conducted it under the name of McClellan Avenue Baking Company until January 17, 1920, when the partners owed several creditors (among them the plaintiff in the sum of $1,230) who were pressing for payment. Plaintiff claims that its representative, defendant, and the partners then had a conference resulting in a sale of the business to defendant, the sale being evidenced by a

bill of sale by the partners to defendant, reciting that defendant assumed and agreed to pay all debts of the partnership; by a sworn list of the said creditors and the amounts due each; by an assignment of a bank account of the partnership to defendant, and by certain checks of the partnership by which the partners received their respective distributive shares of the assets.   Plaintiff further claims that defendant then ordered of plaintiff goods to the amount of $617.50, which were delivered to him, and that he later ordered of plaintiff and received goods to the amount of $718.20.   So that the total of purchases after the claimed sale was $1,335.70, upon which payments in the total of $747.50 were credited, leaving a balance due upon purchases after the claimed sale to defendant of $588.20.   Plaintiff sued to recover the debt of the partnership said to have been assumed by defendant, $1,230, and the balance of $588.20, a total of $1,818.20.

Defendant denied that he had purchased the business as claimed, denied that he had assumed and agreed to pay the debts of the partnership, and denied that he had purchased goods of plaintiff after the sale, as claimed, and contended that his son Carl had been such purchaser.   The evidence covered the conflicting claims in detail.   Defendant sought a directed verdict.   The claim of plaintiff respecting the $1,230 was withdrawn from the jury on the theory that there was no writing signed by defendant by which he agreed to answer for such debt of the partnership.   The claim respecting the $588.20 was submitted to the jury and plaintiff had verdict and judgment for that amount.   Defendant brings error.

It is urged that there was not a manual delivery to defendant of the bill of sale and the other writings and that therefore it was error to receive them in evidence.   The papers after being signed seem to have

been retained by the attorney who drew them. We think it might be inferred from all the evidence that the attorney's holding the papers was assented to by defendant. But there was evidence that the parties entered into mutual engagements to become immediately effective, that the engagements were reduced to writing and signed, and that defendant at once assumed management and control of the business and property, and that the partnership was terminated. Other partners received their distributive shares and said that by such engagements "we sold the business to Frederick O. Schiemann." The writings were evidence of the making of the engagements claimed, and were admissible in support of plaintiff's claim. See 13 C. J. p. 308; *Interstate Construction Co.* v. *Guaranty Co.*, 207 Mich. 265. Whether defendant was liable for the amount claimed was a question of fact which was submitted to the jury under proper instructions.

The other questions do not merit discussion. We find no reversible error.

Judgment affirmed.

FELLOWS, C. J., and WIEST, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.