GROVER *v.* GRATIOT MACOMB DEVELOPMENT CO.

1. Evidence—Ambiguity in Written Instruments Justifies Admission of Oral Evidence—Mortgages—Construction.
   Provision in note that it "is without recourse only as to the mortgage," and recital in mortgage that "mortgagor shall pay to mortgagee," certain amount, created ambiguity justifying admission of oral testimony as to construction which parties themselves placed on said instruments.

2. Mortgages—Bills and Notes—Construction—Without Recourse.
   Expression "without recourse," as used in note given with mortgage, should be given its commonly accepted meaning.

3. Same.
   Expression "without recourse," in note providing that it "is without recourse only as to mortgage," means that mortgagee could look to land only for payment.

4. Same—Note and Mortgage Construed Together.
   Where note was given in connection with mortgage and referred to it, both instruments must be construed together.

5. Same—Contracts May Not be Altered by Court.
   That note and mortgage providing that mortgagee could look to land only for payment proves to be bad bargain for him does not justify court in altering terms of said instruments.

6. Same—Foreclosure—Deficiency Decree Not Justified Where Note Recites "Without Recourse."
   Where note given with mortgage provided that it "is without recourse only as to mortgage," deficiency decree was not justified, on foreclosure of mortgage.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 22, 1931. (Docket No. 179, Calendar No. 36,062.) Decided January 4, 1932. Rehearing denied March 3, 1932.

Bill by Grace Grover and others against Gratiot Macomb Development Company, a Michigan corporation, and others to foreclose a mortgage and for a deficiency decree. Decree for plaintiffs. Defendant Gratiot Macomb Development Company appeals. Modified and affirmed.

*Andrew L. Moore,* for appellant.

*Hollis Harshman* and *Herman H. Greenberg,* for appellees.

NORTH, J. In 1924 Edmund A. Wood sold his farm to the defendant. He received $5,000 in cash and took back a purchase price mortgage for $41,000. The mortgage note signed by defendant reads (so far as material) as follows:

"This note is secured by a real estate mortgage of even date and is without recourse only as to the mortgage.

"$41,000            Detroit, Mich., April 25, 1924.

"On or before ten (10) years after date we promise to pay to the order of Edmund A. Wood

Pay $41,000 and 00 cts. ——— dollars. * * *

"Value received with six per cent. interest per annum payable semi-annually from July 1, 1924."

The property was evidently purchased in anticipation of platting, and the mortgagee agreed in the mortgage to sign the subdivision plat when requested by the mortgagor. The mortgage also provided that all fences, outbuildings, and trees were exempt from its operation. The mortgage contains no express promise by the mortgagor to pay the sum secured unless such promise is to be inferred from the following:

"Mortgagor shall pay to said mortgagee, his legal representatives and assigns, the sum of forty-one

thousand ($41,000) dollars, on or before April 25, 1934, together with interest at the rate of six per cent. per annum * * *.

"The amount of principal due is represented by a certain promissory note bearing even date herewith and subject to the terms of this mortgage and collateral thereto."

Plaintiffs' bill is for foreclosure of the mortgage. It contains no allegations of fraud or mistake, and asks no relief by way of reformation. The sole question presented is whether, on foreclosure, plaintiffs, who are the heirs of the deceased mortgagee, are entitled to a deficiency decree. The circuit judge held plaintiffs were entitled to a deficiency decree. The defendant, Gratiot Macomb Development Company, has appealed.

Appellant contends that the note and mortgage should be read and construed together, and that, because of ambiguity, the oral testimony taken at the hearing is admissible in aid of proper construction. Appellees contend that the "without recourse" provision in the note should be construed to mean that the mortgagee could not bring a suit at law on the note and take judgment, but in case of default must resort to chancery foreclosure, and further, that oral testimony is not admissible because there is no ambiguity, and that the oral testimony offered of statements made at the time the mortgage was consummated or prior thereto is immaterial. They cite and rely upon *Plano Manfg. Co.* v. *Ellis*, 68 Mich. 101, which holds:

"If the language employed is not free from doubt or uncertainty, resort may be had to the condition of the respective parties, the subject-matter of the contract, and the circumstances surrounding the transaction and connected with it, and everything *except the contemporaneous and previous declara-*

*tions of the parties,* for the purpose of enabling the court to ascertain the intention of the parties.''

Defendant's witness Reid was assistant cashier of the bank to which Mr. Wood and the other parties went to execute the note and mortgage in question. This evidently was at Mr. Wood's request and so that the transaction might be consummated in the presence of his banker. This witness testified he thought that the note was drawn in the bank, that, when completed, the note was read to Mr. Wood, it was discussed by those interested in the transaction in Mr. Wood's presence, and that it was explained to Mr. Wood that the land was all that was liable under the mortgage; that the Gratiot Macomb Development Company was not responsible other than for the land. We think there is ambiguity arising from the provision in the note that it ''is without recourse only as to the mortgage'' and the recital in the mortgage that ''mortgagor shall pay to said mortgagee * * * forty-one thousand ($41,000) dollars.'' Because of such ambiguity oral testimony was admissible. It is evidence of more than ''contemporaneous declarations'' of the parties. It is competent testimony of the construction which the parties themselves placed upon this note and mortgage.

But aside from this, it quite conclusively appears from the face of these instruments that the mortgagor did not become liable for the payment of the mortgage debt except to the extent of and by means of the property pledged in the mortgage. The expression ''without recourse'' should be given its commonly accepted meaning. Under the circumstances of this case, it clearly means, as stated by the witness Reid, that the mortgagee could look to the land only for payment. In the manner above noted,

the mortgage refers to the promissory note, but contains no direct express promise to pay. The two instruments must be construed together. *Sutton* v. *Beckwith*, 68 Mich. 303 (13 Am. St. Rep. 344) ; *Interstate Const. Co.* v. *United States Fidelity & Guaranty Co.*, 207 Mich. 265. Unless we do violence to the language, when so construed they specifically provide that the mortgagee's recourse for payment is to the mortgaged property only. Obviously a deficiency decree cannot be based upon such an undertaking.

It is pointed out in appellees' brief that the bargain entered into will be disastrous to the plaintiffs if a deficiency decree is denied. It now seems quite obvious that Mr. Wood made a decidedly bad bargain. This is to be regretted ;. but it does not justify the court in altering or disturbing the terms of the written instruments involved.

The trial court, in passing upon the force and effect to be given the expression. "without recourse," seems to have relied much on *Childs* v. *Wyman*, 44 Me. 433 (69 Am. Dec. 111). In that case the defendant, who was held to be a maker of a promissory note on which the suit was brought, attempted to escape liability by use of the expression "without recourse" in connection with his signature. When so used, the court held the expression to be ineffective and mere surplusage. To have held otherwise would have rendered the maker's undertaking a mere nullity. Such is not true in the instant case, where the mortgagee is not left without any possible means of payment, but instead may look to the mortgaged property for payment of his note. The qualifying phrase "without recourse only to the mortgage" did not render this transaction a nullity; but, as we think, clearly expressed the undertaking and agreement of these parties that the mortgagee was

to look only to the mortgaged property. In a recent case we held in the absence of an accompanying mortgage note or other express promise to pay, the mortgagee's only recourse on foreclosure was to the mortgaged property, and he was not entitled to a deficiency decree. *Seymour* v. *Powers,* 255 Mich. 624. An earlier Michigan case held that the maker of a promissory note may limit his liability by specifying that the note is payable in labor rather than in money. *Singer Manfg. Co.* v. *Haines,* 36 Mich. 385. This was equivalent to holding that the payee was without recourse except by payment in labor. There are many other decisions based on like holdings. A partial review of such cases will be found in the note appended to *Wells* v. *Flynn,* 191 Iowa, 1322 (184 N. W. 389), as reported in 17 A. L. R. 710.

The decree entered in the circuit court in chancery is modified by eliminating the provisions for a deficiency decree. Appellant will have costs of this court.

Clark, C. J., and McDonald, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.