CARTER v. MARVEL CARBURETOR CO.

SAME v. WITHEY.

1. CONTRACTS—AMBIGUITY.
    When the meaning of a contract is ambiguous, the court may consider surrounding circumstances existing at time it was made.

2. ATTORNEY AND CLIENT—FEES—CONTRACTS—EVIDENCE.
    Award of fee of $15,544.35 to successful attorneys for plaintiff in suit for patent royalties, wherein recovery of $53,489.73 was had, is affirmed where contract for attorneys' services provided for retainer, *per diem* fee of $2,500, five per cent. of balance of amount which would be realized, believed to be about $30,000, and 50 per cent. of said balance above amount

mentioned, there being an equal division of the court as to whether or not record of previous royalty suit between different parties may be examined by Supreme Court *sua sponte* to find a fact upon which to predicate an argument or base a conclusion.

Appeal from Genesee; Black (Edward D.), J. Submitted June 7, 1934. (Docket No. 62, Calendar No. 37,878.) Decided October 1, 1934. Rehearing denied December 11, 1934.

Bill by William C. Carter against Marvel Carburetor Company, an Indiana corporation, for cancellation of patent license agreement, an accounting and injunctive relief. On petitions of Charles A. Withey and Earl P. Trobert, jointly, and plaintiff to construe a contract providing for attorney's fee. From decree fixing amount of fee, plaintiff appeals. Affirmed.

*Roger J. Vaughn,* for plaintiff.

*Graydon G. Withey,* for Trobert and *in pro. per.* as executor of the Estate of Charles A. Withey, deceased.

Edward M. Sharpe, J. This is a controversy over attorney fees for services rendered plaintiff in his suit for patent royalties.

Plaintiff, an inventor, on November 21, 1923, entered into a contract with the Marvel Carburetor Company by which the company was to have the right to manufacture and sell carburetors and fuel supply systems patented or to be patented by plaintiff and was also to have the right to damages for infringements. The company was to pay plaintiff stipulated royalties on all carburetors and fuel supply systems manufactured and sold under plaintiff's

patents.   In 1926 and 1927 plaintiff worked on an
improvement for carburetors known as a by-pass.
At the same time an engineer employed by the com-
pany was also engaged in perfecting a similar de-
sign.   Both applied for patents, and letters patent
were issued to plaintiff November 10, 1931.   In the
meantime the company manufactured carburetors
using the by-pass device and sold a large quantity to
the Hudson-Essex Company.   April 30, 1931, plain-
tiff notified the company of his intention to cancel the
contract.   August 28, 1931, plaintiff filed a bill of
complaint for cancellation of the contract and for
royalties due under the contract.   The trial court
held that plaintiff was entitled to recover royalties
on the carburetors sold to the Hudson-Essex Com-
pany in the sum of $49,936.65 with interest.   The
matter was appealed to this court and affirmed in
263 Mich. 48.   The company paid the judgment of
$53,489.73 into court and the dispute now arises be-
tween plaintiff and his attorney over the following
agreement for contingent fees:

"Memorandum of agreement between William C.
Carter, an alleged inventor, and Charles A. Withey,
an attorney, of Flint, Michigan.

"Whereas, said first-named party has a royalty
contract with the Marvel Carburetor Company, a
corporation of Flint, Michigan, covering certain
patented inventions belonging to him and certain
other inventions with patents pending or to be pat-
ented, upon which said first party has begun a suit
in the circuit court for Genesee county, Michigan, in
chancery, against said Marvel Carburetor Company
with C. M. Van Benschoten as his attorney in said
case, and said C. M. Van Benschoten having under
date of November 30, 1931, substituted said Charles
A. Withey in his place as attorney for said plaintiff
in said cause,

"(1) Now therefore, agreed as follows, between said William C. Carter, first party, and Charles A. Withey, second party:

"(2) First party will make, execute and deliver to second party, first party's promissory note for $500 payable in six months with interest at six per cent. as a retainer in said case.

"(3) For his services first party will pay second party $100 per day for an agreed period of 25 days regardless of the amount of time put in by second party.

"(4) In addition to the above, if second party succeeds in collecting what is shown to be due from said corporation to first party on the face of the contract, believed to be about $30,000, five per cent. of the amount realized.

"(5) In addition to the above, 50 per cent. of all moneys collected in excess of the amount mentioned in the last preceding paragraph.

"(6) From the sums mentioned in the last two preceding paragraphs there is to be deducted in the first instance before the percentage is computed, the $100 per day or $2,500.

"(7) Any settlement of the matters covered by said suit to be subject to the approval of the said party of the first part. Any settlement first party desires to make, second party shall consent thereto, but, it shall not change his compensation as stated above, nor shall it be for a sum less than his agreed compensation.

"Dated this 10th day of December, 1931.

"Executed in duplicate.

"Wm. C. Carter

"Chas. A. Withey."

The principal item of dispute arises over paragraphs 4 and 5. The lower court held in substance that in addition to the compensation provided in paragraphs 3 and 4, the attorney was entitled to 50 per cent. of the difference (less $2,500) between the

$30,000 mentioned in paragraph 4 and the amount recovered, namely $53,489.73, and awarded the attorney $15,544.35. Plaintiff appeals, claiming that paragraph 5 applies only to damages recovered in addition to any recovery under the terms of the royalty contract.

When the meaning of a contract is ambiguous, the court may consider the surrounding circumstances existing at the time it was made. *Spaulding* v. *Coon,* 50 Mich. 622; *Plano Manfg. Co.* v. *Ellis,* 68 Mich. 101; *Grover* v. *Gratiot Macomb Development Co.,* 257 Mich. 26. An examination of the record in the previous case discloses that in plaintiff's bill of complaint the claim is made for royalties up to June 1, 1931, in the sum of $31,500, and for damages for loss of sales of devices in the sum of $1,000,000. The original bill, filed August 28, 1931, was not drawn by appellee, who was substituted as attorney about December 10, 1931, the date of the contingent fee agreement. It does not appear that plaintiff and his attorney then had in mind any claim for damages nor were the pleadings incorporated into or referred to by the contract. It would have been easy to state in paragraph 5 that the fee should include 50 per cent. of anything recovered for damages if that had been the intention of the parties. For these reasons, the "amount" mentioned in paragraph 5 must be held to refer to the $30,000 figure named in paragraph 4.

Judgment affirmed, with costs to appellee.

NELSON SHARPE, C. J., and BUTZEL and BUSHNELL, JJ., concurred with EDWARD M. SHARPE, J.

WIEST, J. (*concurring in result*). I concur in the result, but do not approve of the examination of the record in the previous case.

I do not understand that we may, *sua sponte,* look into a record in a previous case in order to find a fact upon which to predicate an argument or base a conclusion. And this is especially true where the parties are not the same.

POTTER, NORTH, and FEAD, JJ., concurred with WIEST, J..